UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FIDEL DE JESUS, VICTOR RAMOS,
ISRAEL FLORES, CIRINO MORALES,         19-cv-00830 (AT) (SLC)
ROGELIO BAZAN, ALFONSO MENDEZ,
and JOSE JUAN GARCIA,
*on behalf of themselves*,
*FLSA Collective Plaintiffs and the Class*,

                      Plaintiffs,

       v.

OYSHI TABLE CORP. d/b/a TOASTIES,
and MATTHEW AHN,

                      Defendants.
------------------------------------------------------------------------X


## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT


*On the brief:*

*Patrick McPartland, Esq.*
*Jared E. Blumetti, Esq.*

**LAROCCA HORNIK ROSEN
& GREENBERG LLP**
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4837, 4831
E: pmcpartland@lhrgb.com
    jblumetti@lhrgb.com

*Attorneys for defendants,*
*Oyshi Table Corp. and Matthew Ahn*

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| **PRELIMINARY STATEMENT**……………………………………………… | | 1 |
| **STATEMENT OF FACTS**……………………………………………………… | | 2 |
| A. | The Parties………………………………………………………… | 2 |
| B. | Plaintiffs Jose Garcia, Cirino Morales, and Alfonso Medez Admit That They Were Properly Paid Minimum Wage, Overtime, and Spread of Hours Pay………………………………………………… | 4 |
| **ARGUMENT** ……………………………………………………………………… | | 5 |
| I. | DISMISSALS OF MINIMUM WAGE, OVERTIME, AND SPREAD OF HOURS CLAIMS…………………………………………… | 5 |
| A. | Mr. Garcia's Minimum Wage and Overtime Claims Must be Dismissed In Their Entirety and His Spread of Hours Claims For 2014 Must be Dismissed………………………………………… | 5 |
| B. | Mr. Morales' Minimum Wage and Overtime Claims for 2016-2018 and Spread of Hours Claims for 2014 and 2016 Must be Dismissed………………………………………………… | 6 |
| C. | Mr. Mendez's Minimum Wage and Overtime Claims for 2019-2020 and Spread of Hours Claims for 2014, 2019 and 2020 Must be Dismissed………………………………………… | 6 |
| II. | PLAINTIFFS' CLAIMS FOR DAMAGES PRIOR TO MARCH 2014 MUST BE DISMISSED…………………………………………… | 7 |
| **CONCLUSION**…..………………………………………………….…………… | | 8 |

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                   <u>Page(s)</u>

*Diaz v. Slayton One Cleaner Inc.*,
    2018 WL 4935831 (S.D.N.Y. October 11, 2018)………………………………………   7, 8

*Feng Chen v. Patel*,
    2019 WL 2763836 (S.D.N.Y. July 2, 2019)…………………………………………   7

*Jihui Zhang v. XYZ Limousine, Inc.*,
    2019 WL 1220310 (E.D.N.Y. March 15, 2019)………………………………   5, 6

*Patino v. Brady Parking, Inc.*,
    2017 WL 5198192 (S.D.N.Y. October 31, 2017)………………………………………   7, n.3

*Perez Campos v. Quentin Market Corp.*,
    2018 WL 9945754 (E.D.N.Y. October 17, 2018)………………………………………   5, 6

*Schear v. Food Scope America, Inc.*,
    297 F.R.D. 114 (S.D.N.Y. 2014)……………………………………………………   5, 6

*Stein v. Guardsmark, LLC*,
    2013 WL 3809463 (S.D.N.Y. July 23, 2013)…………………………………………   5, 6

*Xue Ming Wang v. Abumi Sushi Inc.*,
    262 F.Supp.3d 81 (S.D.N.Y. 2017)……………………………………………………   7, n.3, 8

<u>Other Authorities</u>
29 U.S.C. § 255(a)………………………………………………………………………   n.3

NYLL § 198(3)……………………………………………………………………………   n.3

Defendants Oyshi Table Corp. and Matthew Ahn (collectively, "Oyshi"), by their attorneys, LaRocca Hornik Rosen & Greenberg LLP, respectfully submit this memorandum of law in support of their motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for partial summary judgment dismissing: (i) plaintiff Jose Garcia's minimum wage and overtime claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in their entirety and Mr. Garcia's spread of hours claims under the NYLL for the year 2014; (ii) plaintiff Cirino Morales' minimum wage and overtime claims under the FLSA and NYLL for the years 2016, 2017, and 2018 and Mr. Morales' spread of hours claims under the NYLL for the years 2014 and 2016; (iii) plaintiff Alfonso Mendez's minimum wage and overtime claims under the FLSA and NYLL for the years 2019 and 2020 and Mr. Mendez's spread of hours claims under the NYLL for the years 2014, 2019, and 2020; and (iv) all claims for damages under the NYLL that purportedly accrued prior to the date on which Oyshi purchased—and became the employer at— the delicatessen known as "Toasties" located at 924 Third Avenue in New York, New York (the "Third Avenue Toasties") in March 2014.

## PRELIMINARY STATEMENT

Before this lawsuit was even commenced, Oyshi demanded that plaintiffs identify the specific weeks during which they were purportedly not properly paid minimum wage, overtime, or spread of hours pay. Despite repeated demands over the next 2 years as this lawsuit ensued, plaintiffs refused to do so. Throughout this period, Oyshi has been forced to endure the costs of discovery, two mediations, and essentially a full audit of its payroll records. Now, upon Oyshi threatening a summary judgment motion, plaintiffs acknowledge for the first time that plaintiff Jose Garcia has no minimum wage or overtime claims whatsoever; that plaintiff Cirino Morales' purported minimum wage and overtime claims for the years 2016 through 2018 are nonexistent;

that plaintiff Alfonso Mendez's purported minimum wage and overtime claims for the years 2014, 2019, and 2020 are nonexistent; and that numerous spread of hours claims for each of these plaintiffs are also nonexistent.[1]  Oyshi is, thus, entitled to judgment as a matter of law dismissing these claims in their entirety, as outlined below.

Furthermore, all of plaintiffs' claims for purported damages accruing prior to March 2014—i.e. the date when Oyshi purchased the Third Avenue Toasties and became plaintiffs' employer for the first time—must be dismissed in their entirety.  As plaintiffs also now acknowledge, they have no viable evidence to meet their considerable burden of demonstrating that Oyshi can be subjected to successor liability.

For these reasons (and the reasons set forth below), it is respectfully requested that Oyshi's motion for partial summary judgment be granted in its entirety.

## STATEMENT OF FACTS

**A.     The Parties**

Matthew Ahn is the President of Oyshi Table Corp., which owned and operated the Third Avenue Toasties from March 2014 to July 2020 (at which time Oyshi was forced to permanently shut down the Third Avenue Toasties as a result of the COVID-19 pandemic).  *Ahn Decl., ¶ 1*; *see also Oyshi's Local Rule 56.1 Statement of Undisputed Facts ("Rule 56.1"), ¶ 1.*

Oyshi purchased the Third Avenue Toasties from non-party J.S.W. Venture, Inc. in early 2014.  *Ahn Decl., ¶ 2; Rule 56.1, ¶ 2.*  When it purchased the Third Avenue Toasties, Oyshi did not assume any of J.S.W. Venture, Inc.'s liabilities, nor was it aware of any existing or potential legal claims against J.S.W. Venture, Inc.  *Ahn Decl., ¶¶ 3–4; Rule 56.1, ¶ 3–4.*  J.S.W. Venture,

---

[1] The financial stress of this lawsuit, coupled with the COVID-19 pandemic, forced Oyshi to permanently shutter its business in July 2020.

2

Inc. had no involvement in the ownership or operation of the Third Avenue Toasties after Oyshi purchased the Third Avenue Toasties. *Ahn Decl., ¶ 5; Rule 56.1, ¶ 5.*

Oyshi did not operate the Third Avenue Toasties or employ any individuals at the Third Avenue Toasties prior to March 2014. *Ahn Decl., ¶ 6; Rule 56.1, ¶ 7.* Oyshi has never owned or operated any other Toasties delicatessens besides the Third Avenue Toasties. *Ahn Decl., ¶¶ 7–8; Rule 56.1, ¶ 8.*

Plaintiff Jose Garcia was employed by Oyshi at the Third Avenue Toasties from March 2014 to June 2019. *Ahn Decl., ¶ 17*; ECF Doc. No. 73-2, ¶ 12. Mr. Garcia alleges that he also worked at the Third Avenue Toasties between January 2008 and March 2014, during which time he was presumably employed by J.S.W. Venture, Inc. ECF Doc. No. 33, ¶ 36.

Plaintiff Cirino Morales was employed by Oyshi at the Third Avenue Toasties from March 2014 to March 2018. *Ahn Decl., ¶ 13*. Mr. Morales alleges that he also worked at the Third Avenue Toasties between November 2013 and March 2014, during which time he was presumably employed by J.S.W. Venture, Inc. ECF Doc. No. 33, ¶ 33.

Plaintiff Alfonso Mendez was employed by Oyshi at the Third Avenue Toasties from March 2014 to March 2020. *Ahn Decl., ¶ 28*; ECF Doc. No. 73-2, ¶ 9. Mr. Mendez alleges that he also worked at the Third Avenue Toasties between November 2009 and March 2014, during which time he was presumably employed by J.S.W. Venture, Inc. ECF Doc. No. 33, ¶ 35.

Plaintiff Israel Flores was employed by Oyshi at the Third Avenue Toasties from March 2014 to January 2018. *Ahn Decl., ¶ 35*; ECF Doc. No. 73-2, ¶ 10. Mr. Flores alleges that he also worked at the Third Avenue Toasties between September 2012 and March 2014, during which time he was presumably employed by J.S.W. Venture, Inc. ECF Doc. No. 33, ¶ 32.

Plaintiff Fidel de Jesus was employed by Oyshi at the Third Avenue Toasties from March 2014 to January 2018. *Ahn Decl., ¶ 21*; ECF Doc. No. 73-2, ¶ 8. Mr. de Jesus alleges that he also worked at the Third Avenue Toasties between January 2009 and March 2014, during which time he was presumably employed by J.S.W. Venture, Inc. ECF Doc. No. 33, ¶ 30.

**B.    Plaintiffs Jose Garcia, Cirino Morales, and Alfonso Mendez Admit That They Were Properly Paid Minimum Wage, Overtime, and Spread of Hours Pay**

Oyshi created and maintained payroll records for each of its former employees. *Ahn Decl., ¶ 9.* These payroll records set forth each employee's days worked, regular hours worked, overtime hours worked, rates of pay, spread of hours pay, credits applied, and wages paid. *Id*. Oyshi also maintained the wage notices that it provided to its former employees and the tip credit notices that it provided to its former tipped employees. *Ahn Decl., ¶ 10.*

Oyshi's payroll records confirm—and plaintiff Jose Garcia admits[2]—that Oyshi properly paid him minimum wage and overtime during the entirety of his employment with Oyshi at the Third Avenue Toasties (i.e. from March 2014 to June 2019), and that Oyshi properly paid him spread of hours pay in 2014. *Ahn Decl., Exh. C*; ECF Doc. No. 73-2, ¶¶ 12, 53–54, 62–66, 68–69, 71–72, 74–75, 77–78.

Oyshi's payroll records confirm—and plaintiff Cirino Morales admits—that Oyshi properly paid him minimum wage and overtime in 2016, 2017, and 2018, and that Oyshi properly paid him spread of hours pay in 2014 and 2016. *Ahn Decl., Exh. A*; ECF Doc. No. 73-2, ¶¶ 27–28, 37, 41–45, 47–48.

---

[2] In their July 24, 2020 pre-motion letter to the Court, Mr. Garcia, Mr. Morales, and Mr. Mendez do not dispute that certain of their minimum wage, overtime, and spread of hours claims must be dismissed. ECF Doc. No. 74.

4

Oyshi's payroll records confirm that Oyshi properly paid plaintiff Alfonso Mendez minimum wage and overtime in 2019 and 2020, and Mr. Mendez admits that Oyshi properly paid him spread of hours pay in 2014, 2019, and 2020. *Ahn Decl., Exh. G*; ECF Doc. No. 73-2, ¶¶ 103, 114–115, 120–121.

## ARGUMENT

## I.

## DISMISSALS OF MINIMUM WAGE, OVERTIME, AND SPREAD OF HOURS CLAIMS

**A. Mr. Garcia's Minimum Wage and Overtime Claims Must be Dismissed In Their Entirety and his Spread of Hours Claims for 2014 Must be Dismissed**

In his pre-motion Rule 56.1 response, Mr. Garcia admits that Oyshi properly paid him minimum wage and overtime during the entirety of his employment with Oyshi at the Third Avenue Toasties. ECF Doc. No. 73-2, ¶¶ 12, 53–54, 62–63, 65–66, 68–69, 71–72, 74–75, 77–78. He also admits that Oyshi properly paid him spread of hours pay in 2014. *Id.*, ¶ 64. Mr. Garcia's minimum wage and overtime claims must, therefore, be dismissed in their entirety. Further, his claim for spread of hours for 2014 must likewise be dismissed. *See e.g. Jihui Zhang v. XYZ Limousine, Inc.*, 2019 WL 1220310, * 9 (E.D.N.Y. March 15, 2019) (granting summary judgment on minimum wage claims finding that plaintiffs "have not identified any admissible evidence in the record to support their contention that they were ever paid below minimum wage"); *Perez Campos v. Quentin Market Corp.*, 2018 WL 9945754, * 5 (E.D.N.Y. October 17, 2018) (dismissing spread of hours claim where plaintiff's rate of pay exceeded the statutory minimum wage); *Schear v. Food Scope America, Inc.*, 297 F.R.D. 114, 133–134 (S.D.N.Y. 2014) (granting summary judgment on minimum wage claims where it was uncontroverted that plaintiffs were not paid less than the statutory minimum wage); *Stein v. Guardsmark, LLC*, 2013 WL 3809463, * 12

5

(S.D.N.Y. July 23, 2013) ("[d]efendants are entitled to summary judgment because they paid plaintiff all overtime to which she was entitled").

### B.  Mr. Morales' Minimum Wage and Overtime Claims for 2016-2018 And Spread of Hours Claims for 2014 and 2016 Must be Dismissed

Similarly, Mr. Morales admits that Oyshi properly paid him minimum wage and overtime pay in 2016, 2017, and 2018. ECF Doc. No. 73-2, ¶¶ 27–28, 41–42, 44–45, 47–48. He further admits that Oyshi properly paid him spread of hours pay in 2014 and 2016. *Id.*, ¶¶ 37, 43. As such, Mr. Morales' minimum wage and overtime claims for 2016, 2017, and 2018 must be dismissed, and his spread of hours claim for 2014 and 2016 must be dismissed. *See Jihui Zhang v. XYZ Limousine, Inc.*, 2019 WL 1220310, * 9; *Perez Campos v. Quentin Market Corp.*, 2018 WL 9945754, * 5; *Schear v. Food Scope America, Inc.*, 297 F.R.D. 114, 133–134; *Stein v. Guardsmark, LLC*, 2013 WL 3809463, * 12.

### C.  Mr. Mendez's Minimum Wage and Overtime Claims for 2019-2020 And Spread of Hours Claims for 2014, 2019, and 2020 Must be Dismissed

Finally, Mr. Mendez—who admits that Oyshi did not claim a tip credit on his wages in 2019 or 2020 and that Oyshi's payroll records accurately reflect the wages he was paid—has failed to identify a single week during which he was not properly paid minimum wage and overtime pay in 2019 and 2020. ECF Doc. No. 73-2, ¶¶ 103, 114. He further admits that Oyshi properly paid him spread of hours pay in 2014, 2019, and 2020. *Id.*, ¶¶ 115, 120–121. Thus, his minimum wage and overtime claims for 2019 and 2020 must be dismissed, and his spread of hours claim for 2014, 2019, and 2020 must be dismissed. *See Jihui Zhang v. XYZ Limousine, Inc.*, 2019 WL 1220310, * 9; *Perez Campos v. Quentin Market Corp.*, 2018 WL 9945754, * 5; *Schear v. Food Scope America, Inc.*, 297 F.R.D. 114, 133–134; *Stein v. Guardsmark, LLC*, 2013 WL 3809463, * 12.

## II.

## PLAINTIFFS' CLAIMS FOR DAMAGES
## PRIOR TO MARCH 2014 MUST BE DISMISSED

It is well-established that plaintiffs "bear the burden of proving successor liability." *Feng Chen v. Patel*, 2019 WL 2763836, * 4 (S.D.N.Y. July 2, 2019); *Xue Ming Wang v. Abumi Sushi Inc.*, 262 F.Supp.3d 81, 92 (S.D.N.Y. 2017) ("the party advocating for successor liability bears the burden of proof") (*citations omitted*). In determining whether a defendant may be held liable for a predecessor employer's labor law violation, the courts of this district apply the "substantial continuity" test to FLSA claims and the "traditional common-law" test to NYLL claims. *See Diaz v. Slayton One Cleaner Inc.*, 2018 WL 4935831, * 3 (S.D.N.Y. October 11, 2018); *see also Patino v. Brady Parking, Inc.*, 2017 WL 5198192, * 8 (S.D.N.Y. October 31, 2017) (the traditional common-law test applies to NYLL claims and the substantial continuity test applies to FLSA claims), *citing Xue Ming Wang v. Abumi Sushi Inc.*, 262 F.Supp.3d at 88 ("[w]ith respect to plaintiff's pre-sale NYLL and § 349 claims, this ends the analysis, as the Court is aware of no basis to apply the [substantial continuity test] to claims arising under state law").

"Under both New York law and traditional common law, a corporation that purchases the assets of another corporation is generally not liable for the seller's liabilities."[3] *Xue Ming Wang v. Abumi Sushi Inc.*, 262 F.Supp.3d at 87 (*citation omitted*). Indeed, "a business buyer is liable for the seller's debts only when (1) a buyer formerly assumes a seller's debts; (2) the transactions are undertaken to defraud creditors; (3) a buyer de facto merged with a seller; or (4) a buyer is a mere

---

[3] Here, any damages that purportedly accrued prior to March 2014 would be time-barred under the FLSA's two or three-year statute of limitations periods. 29 U.S.C. § 255(a). Accordingly, any such damages would only be recoverable under the NYLL's six-year statute of limitations period. NYLL § 198(3). As the claims must be asserted under the NYLL, the proper test for successor liability is the traditional common-law test. *See Patino v. Brady Parking, Inc.*, 2017 WL 5198192, * 8; *Xue Ming Wang v. Abumi Sushi Inc.*, 262 F.Supp.3d at 88.

continuation of a seller." *See Diaz v. Slayton One Cleaner Inc.*, 2018 WL 4935831, at * 3.

Plaintiffs cannot possibly meet their burden of demonstrating that the traditional common-law test has been satisfied. When it purchased the Third Avenue Toasties, Oyshi did not assume any of J.S.W. Venture, Inc.'s liabilities. *Ahn Decl., ¶ 3.* Moreover, there is no evidence suggesting that the Third Avenue Toasties was sold in order to defraud creditors, or that there was any overlap of ownership between J.S.W. Venture, Inc. and Oyshi. Rather, the evidence before this Court confirms that the ownership of the Third Avenue Toasties changed hands in early 2014, and that Oyshi continued to own and operate the Third Avenue Toasties by itself for the ensuing six years.[4] *Ahn Decl., ¶ 5*; *see also Diaz v. Slayton One Cleaner Inc.*, 2018 WL 4935831, at * 3 (traditional common-law test not satisfied where there was "no express assumption of any of Seller Defendants' liabilities…no suggestion of fraud…[and] no overlap of ownership between the Seller and Buyer Defendants"); *Xue Ming Wang v. Abumi Sushi Inc.*, 262 F.Supp.3d at 87 (same).

## CONCLUSION

Based on the foregoing, defendants respectfully request that the Court grant the instant motion in its entirety and grant defendants such other relief as the Court deems just and proper.

Dated:  New York, New York
        September 1, 2020

---

[4] Nor is there any evidence suggesting that Oyshi may be found liable under the inapplicable substantial continuity test, which plaintiffs mistakenly rely on in their July 24, 2020 pre-motion letter. ECF Doc. No. 74, p. 2 ("***it is unlikely*** that [Oyshi] had notice of the charges prior to acquiring the business as the lawsuit was filed ***[5] years*** after [Oyshi] purchased the business" and "***it is unclear*** whether the prior entity that owned [the Third Avenue Toasties] is available for relief as to the plaintiffs' claims from before [Oyshi] owned [the Third Avenue Toasties]).

LAROCCA HORNIK ROSEN
& GREENBERG LLP

By: /s/ *Jared E. Blumetti*
_____
Patrick M. McPartland (PM-4225)
Jared E. Blumetti (JB-1214)
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4837, 4831
E: pmcpartland@lhrgb.com
   jblumetti@lhrgb.com

*Attorneys for defendants*
*Oyshi Table Corp. and Matthew Ahn*