UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
FIDEL DE JESUS, VICTOR RAMOS, ISRAEL FLORES, :
CIRINO MORALES, ROGELIO BAZAN, ALFONSO :
MENDEZ, and JOSE JUAN GARCIA, *on behalf* :
*of themselves, FLSA Collective Plaintiffs and the Class*, :    19 Civ. 830 (JPC)
:
              Plaintiffs, :    OPINION
:    AND ORDER
    -v- :
:
OYSHI TABLE CORP. d/b/a TOASTIES *et al.*, :
:
             Defendants. :
:
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    Plaintiffs are food preparers and delivery persons who worked at a deli in Manhattan. They brought this suit against their former employers under the Fair Labor Standards Act and the New York Labor Law, alleging numerous wage-and-hour violations. Presently before the Court is Defendants' motion for partial summary judgment to dismiss some of these claims. For the reasons that follow, the Court grants Defendants' motion in nearly every part, except for a few select work weeks as to some of the Plaintiffs.

## I. Background

### A. Facts

    The following facts are undisputed, unless otherwise noted. Defendant Matthew Ahn is the president of Oyshi Table Corp. ("Oyshi"). Dkt. 81 ("Plaintiffs' Rule 56.1 Response") ¶ 6. In early 2014, Oyshi purchased "Toasties," a delicatessen on Third Avenue in New York City from J.S.W. Venture, Inc. *Id.* ¶ 2. Oyshi operated Toasties until July 2020 when it permanently closed as a result of the COVID-19 pandemic. *Id.* ¶ 1. Five of the seven Plaintiffs who worked at Toasties

under Oyshi's management—Israel Flores, Jose Juan Garcia, Fidel De Jesus, Alfonso Mendez, and Cirino Morales—also allege that they began working at Toasties prior to March 2014, when Oyshi bought the deli. Dkt. 33 ("Amended Complaint" or "Amended Compl.") ¶¶ 30(a), 32(a)-33(a), 35(a)-36(a); Dkt. 83 ¶ 1; Dkt. 84 ("Garcia Decl.") ¶ 1; Dkt. 85 ¶ 1; Dkt. 86 ("Mendez Decl.") ¶ 1; Dkt. 87 ("Morales Decl.") ¶ 1.[1]

Three of the Plaintiffs—Garcia, Mendez, and Morales—are the subject of a good portion of Defendants' motion here, and thus the Court now turns to facts regarding their employment specifically. The Amended Complaint alleges that Garcia worked as a "deli man" at Toasties five or six days each week and between eight and eleven hours each day. Amended Compl. ¶ 36(a)-(b). Garcia alleges that from January 2018 onward, he worked through his meal break once per week. *Id.* ¶ 36(b). He thus claims that his wages were "time-shaved" by approximately one hour each week during this time. *Id.* ¶ 36(d). In his declaration, Garcia further alleges that prior to January 2018, Defendants shaved forty-five minutes off each day for a meal break even though he never took a break. Garcia Decl. ¶ 4.

Morales alleges that he worked at Toasties as a food preparer five days per week for a total of 50 to 52.5 hours each week. Amended Compl. ¶ 33(a)-(b). In his declaration, Morales alleges that he never took a break prior to January 2018, but Defendants deducted forty-five minutes per workday anyway. Morales Decl. ¶ 4. Beginning in January 2018, he claims that he began taking some breaks, but worked through his break once per week. *Id.* ¶ 5.

---

[1] The remaining two Plaintiffs—Victor Ramos and Rogelio Bazan—allege that they worked at Toasties as of March 2017 and February 2018, respectively. Amended Compl. ¶¶ 31(a), 34(a); Dkt. 82 ¶ 1; Dkt. 88 ¶ 1. Because Defendants have not moved for summary judgment as to any of Bazan's or Ramos's claims, the Court does not discuss facts relevant to these two Plaintiffs.

Mendez alleges that he worked at Toasties as a delivery person. Amended Compl. ¶ 35(a). He claims that from the beginning of his employment to December 2017, Defendants deducted forty-five minutes per workday for a meal break, despite the fact that he never took a break. *Id.* ¶ 35(b). Starting in January 2018, he claims that he began taking breaks, but worked through his break once per week, and thus he still lost wages due to this "time-shaving policy." *Id.* Mendez alleges that at least twice per week, he worked thirty minutes past his scheduled hours but was not compensated for this additional time. *Id.* ¶ 35(d). He also claims that he was not reimbursed for his "tools of the trade" or for maintenance or repair costs that he incurred. *Id.* ¶ 41. Finally, Garcia, Morales, and Mendez all allege that Defendants improperly claimed a meal credit of $6.50 per day although these Plaintiffs sometimes were unable to eat, and Defendants sometimes provided no meals. *Id.* at ¶ 42; Garcia Decl. ¶ 7; Morales Decl. ¶ 8; Mendez Decl. ¶ 14.

### B. Procedural History

Plaintiffs initiated this action on January 28, 2019 and filed the Amended Complaint on May 22, 2019. Dkts. 2, 33. Plaintiffs allege Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, by, *inter alia*, failing to pay them minimum wage or overtime pay. Amended Compl. ¶¶ 51-74. Plaintiffs also allege that Defendants failed to pay them a "spread of hours" premium under the NYLL for each workday that exceeded ten hours. *Id.* ¶ 69. As part of the Southern District of New York's pilot program for cases involving claims under the FLSA, the Court referred this action for mediation, Dkt. 30, but that failed to resolve the matter, Dkt. 41. On October 4, 2019, the Honorable Analisa Torres entered a case management plan and scheduling order, and the parties proceeded to discovery. Dkt. 45. On June 3, 2020, the parties again attempted to resolve this case, this time through a settlement conference before the Honorable Sarah L. Cave, but were unsuccessful.

After this, Judge Torres granted Defendants leave to file a motion for partial summary judgment. Dkt. 75. Defendants filed their motion for partial summary judgment on September 1, 2020. Dkts. 76-79. Plaintiffs opposed Defendants' motion on September 29, 2020, Dkts. 80-89, the same day that the undersigned was reassigned to this matter. The motion became fully briefed on October 13, 2020, Dkt. 90, and the Court held oral argument on February 8, 2021.

## II. Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute exists where 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party,' while a fact is material if it 'might affect the outcome of the suit under the governing law.'" *Chen v. 2425 Broadway Chao Rest., LLC*, No. 16 Civ. 5735 (GHW), 2019 WL 1244291, at *4 (S.D.N.Y. Mar. 18, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court must "resolve all ambiguities and draw all justifiable factual inferences in favor of the party against whom summary judgment is sought." *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008). "The movant bears the initial burden of demonstrating 'the absence of a genuine issue of material fact,' and if satisfied, the burden then shifts to the non-movant to present 'evidence sufficient to satisfy every element of the claim.'" *Chen*, 2019 WL 1244291, at *4 (quoting *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008)).

"To defeat a motion for summary judgment, the non-movant 'must come forward with specific facts showing that there is a genuine issue for trial.'" *Chen*, 2019 WL 1244291, at *4 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The non-movant "may not rely on conclusory allegations or unsubstantiated speculation," and "must offer

4

some hard evidence showing that its version of the events is not wholly fanciful." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation marks and citations omitted). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252. "Where no rational finder of fact could find in favor of the nonmoving party because the evidence to support its case is so slight, summary judgment must be granted." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (internal quotation marks and citation omitted).

### III. Discussion

There are two issues before the Court. First, should the Court grant summary judgment in favor of Defendants with regard to certain claims brought by some individual Plaintiffs, namely: (a) Garcia's minimum wage and overtime claims under the FLSA and the NYLL for the years 2014 through 2019; (b) Garcia's spread of hours claims under the NYLL for the year 2014; (c) Morales's minimum wage and overtime claims under the FLSA and the NYLL for the years 2016 through 2018; (d) Morales's spread of hours claims under the NYLL for the years 2014 and 2016; (e) Mendez's minimum wage and overtime claims under the FLSA and the NYLL for the years 2019 and 2020; and (f) Mendez's spread of hours claims under the NYLL for the years 2014, 2019, and 2020? Second, should the Court grant summary judgment in favor of Defendants on all claims for damages that allegedly accrued prior to Oyshi's purchase of Toasties in early 2014?

**A. Individual Plaintiffs' Claims**

The starting point to analyzing whether the Court should grant Defendants' partial summary judgment motion as to certain claims brought by some Plaintiffs is Local Civil Rule 56.1. Pursuant to Rule 56.1, a party moving for summary judgment must attach a "separate, short and concise

statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civil Rule 56.1(a).  The party opposing summary judgment must then set forth a statement responding to each numbered paragraph and may add paragraphs with additional material facts for which that party contends there are genuine issues to be tried. *Id.* at 56.1(b).  "The facts set forth in a moving party's statement 'will be deemed to be admitted unless controverted' by the opposing party's statement." *Chen*, 2019 WL 1244291, at *5 (quoting Local Civil Rule 56.1(c)); *see also Nunez v. Broadway Beauty Wholesale Inc.*, No. 19 Civ. 362 (JPO), 2020 WL 6063536, at *1 (S.D.N.Y. Oct. 14, 2020) ("Supported facts in a Rule 56.1 statement will be deemed admitted if the opposing party fails to controvert those facts.").  Finally, each statement of material fact "must be followed by citation to evidence which would be admissible" consistent with Federal Rule of Civil Procedure 56.  *Chen*, 2019 WL 1244291, at *5 (quoting Local Civil Rule 56.1(d)).

The purpose of this rule is "to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001).  However, it "does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." *Id.*  If "the record does not support the assertions in a Local Rule 56.1 statement, those assertions should be disregarded and the record reviewed independently." *Id.*

### 1. Garcia's Claims

In accordance with Judge Torres's individual practices, Defendants submitted a pre-motion Rule 56.1 statement to which Plaintiffs responded.  *See* Dkt. 73-2 ("Plaintiffs' Pre-Motion Rule

56.1 Response"). In this statement, Garcia admitted that "Oyshi paid [him] at least the minimum wage during the time-period of his employment with Oyshi." *Id.* ¶ 53. More specifically, he admitted that he "has failed to identify a single week during which he was not paid the minimum wage" in the years 2014, 2015, 2016, 2017, 2018, and 2019. *Id.* ¶¶ 62, 65, 68, 71, 74, 77. Second, Garcia also admitted that "Oyshi paid [him] overtime at the rate of 1.5 times his hourly wage during the time-period of his employment with Oyshi." *Id.* ¶ 54. And he agreed that he "has failed to identify a single week during which he was not paid overtime at the rate of 1.5 times his hourly wage" in the years 2014, 2015, 2016, 2017, 2018, and 2019. *Id.* ¶¶ 63, 66, 69, 72, 75, 78. Third, he admitted that he "has failed to identify a single day during which he was not paid spread of hours pay in the calendar year 2014." *Id.* ¶ 64. As part of their opposition to Defendants' motion, Plaintiffs filed a renewed Rule 56.1 response in which Garcia again admitted these same facts. Plaintiffs' Rule 56.1 Response ¶¶ 55-56, 64-68, 70-71, 73-74, 76-77, 79-80.

The crux of Defendants' motion is that these admissions are dispositive of the fact that Garcia does not have a meritorious claim for minimum wage or overtime violations under the FLSA or the NYLL while he was employed by Oyshi, or a valid spread of hours claim under the NYLL for 2014. Dkt. 79 ("Motion") at 5-6. Garcia argues that his admissions only went to the rates that he was paid, but that after Defendants improperly deducted meal credits and time for breaks that he did not take, Garcia did not "actually receive[] all his proper minimum wage and overtime." Dkt. 80 ("Opposition") at 3.

Garcia fails to point to any specific evidence in the record to support this. *See id.* at 2-3. Besides the allegations in the Complaint, Garcia only cites his own declaration for support, as well as portions of Plaintiffs' Rule 56.1 Response, which in turn, cites Garcia's declaration. *Id.* at 3. Garcia's declaration consists of nine unsubstantiated paragraphs across one and one-half pages. In

7

the declaration, Garcia claims that "[f]rom the start of [his] employment through December 2017, [he] worked without any breaks even though Defendants deducted forty-five minutes (45) minutes per workday for a meal break, resulting in unpaid wages due to Defendants['] time-shaving policy." Garcia Decl. ¶ 4.  Further, he claims that "[f]rom January 2018 to the end of [his] employment, [he] worked through [his] forty-five (45) minute break once per week, resulting in unpaid wages due to Defendants' time-shaving policy." *Id.* ¶ 5.  Finally, he claims that "[t]hroughout [his] employment, Defendants deducted a meal credit from [his] wages" even though he generally did not get a meal or did not have time to eat it because he continued working through his breaks. *Id.* ¶ 7.

These declaration statements are nothing more than a repetition of the allegations in the Complaint, and Garcia points to no objective evidence in the record to support these assertions. And even crediting the statements in Garcia's declaration, he does not explain why this would mean that Defendants failed to pay him minimum wage or overtime for all or a portion of his time at Toasties.  Garcia thus fails to offer any "hard evidence showing that [his] version of the events is not wholly fanciful." *Jeffreys*, 426 F.3d at 554.

This is so despite the fact that Defendants have produced years of comprehensive payroll records detailing Garcia's weekly pay. Dkt. 78, Exh. C.  Garcia's failure to rely on these records may well be because they largely support Garcia's very admission that Oyshi paid him "at least the minimum wage" and "overtime at the rate of 1.5 times his hourly wage" during his employment. Plaintiffs' Rule 56.1 Response ¶¶ 55-56.  Garcia has identified nothing in the pages of detailed pay records that would suggest otherwise.  Nor has Garcia submitted any hard evidence of his own, such as payroll stubs, in an effort to challenge Defendants' records.  When asked at oral argument why this was so, Plaintiffs' counsel explained that Plaintiffs chose not to submit payroll records in response to Defendants' evidence because they encompassed "a lot of pages."  Feb. 8, 2021

Transcript at 18. Garcia thus has failed to "come forward with specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (internal quotation marks and citation omitted).

The Court nonetheless carefully reviewed the evidence produced by Defendants, including the records reflecting Garcia's weekly pay, to ensure that it supports the uncontroverted Rule 56.1 statements, *see Holtz*, 258 F.3d at 74, and sees no reason to not credit Garcia's admissions with respect to the vast majority of weeks that Garcia worked at Toasties. However, for the following three weeks, the record suggests that Garcia may have been underpaid based on the reported hours worked and the prevailing minimum wage and overtime rates at the time: June 19, 2015; April 8, 2016; and June 30, 2017. *See* Dkt. 78, Exh. C at 4, 6-7. The Court thus does not grant summary judgment in favor of Defendants as to these weeks.

The only authority Garcia cites in support of his opposition to partial summary judgment dismissing certain wage and overtime claims is *Bellegar de Dussuau v. Blockbuster, Inc.*, Opposition at 3, for the unremarkable proposition that on a motion for summary judgment, "[t]he court is required to resolve any ambiguities and to make all reasonable inferences in favor of the non-moving party." No. 03 Civ. 6614 (WHP), 2006 WL 465374, at *3 (S.D.N.Y. Feb. 28, 2006). The Court fails to see how this axiom saves Garcia's claims. Garcia admitted that he was paid minimum wage and overtime and has failed to point to any specific evidence to suggest that a reasonable jury could return a verdict in his favor despite these admissions. *See Zhang v. XYZ Limousine, Inc.*, No. 15 Civ. 7440 (JS) (AKT), 2019 WL 1220310, at *9 (E.D.N.Y. Mar. 15, 2019), *report and recommendation adopted* (E.D.N.Y. Apr. 9, 2019) (recommending that the court grant the defendants' motion for summary judgment because the plaintiffs "failed to point out any evidence in the record which creates a genuine issue of fact as to Plaintiffs' rates of pay"). The

Court thus grants Defendants' motion for summary judgment as to Garcia's minimum wage and overtime claims under the FLSA and the NYLL, except for the three weeks identified above.

Despite Defendants' motion for summary judgment as to Garcia's 2014 spread of hours claims, Garcia failed to mention these claims at all in his opposition or point to any evidence in the record to suggest that a reasonable jury could find for him on this claim. And again, Garcia admitted that he "failed to identify a single day during which he was not paid spread of hours pay in the calendar year 2014." Plaintiffs' Rule 56.1 Response ¶ 66. The Court thus grants Defendants' motion for summary judgment as to Garcia's 2014 spread of hours claims under the NYLL as well.

### 2. Morales's Claims

In Plaintiffs' pre-motion Rule 56.1 response, Morales admitted facts nearly identical to those that Garcia admitted. Morales admitted that "Oyshi paid [him] at least the minimum wage during the time[] period of his employment with Oyshi." Plaintiffs' Pre-Motion Rule 56.1 Response ¶ 27. Like Garcia, Morales admitted that for the years 2016, 2017, and 2018, he "has failed to identify a single week during which he was not paid the minimum wage." *Id.* ¶¶ 41, 44, 47. Morales too admitted that "Oyshi paid [him] overtime at the rate of 1.5 times his hourly wage during the time-period of his employment with Oyshi." *Id.* ¶ 28. Thus, he concedes that he "has failed to identify a single week during which he was not paid overtime at the rate of 1.5 times his hourly wage" for the years 2016, 2017, and 2018. *Id.* ¶¶ 42, 45, 48. Finally, Morales agrees he "has failed to identify a single day during which he was not paid spread of hours pay" in 2014 or 2016. *Id.* ¶¶ 37, 43. And in Plaintiffs' renewed Rule 56.1 response, Morales again admitted these same facts. Plaintiffs' Rule 56.1 Response ¶¶ 29-30, 39, 43-47, 49-50.

Defendants argue that this Court must grant summary judgment for Morales's minimum wage and overtime claims for 2016, 2017, and 2018, as well as Morales's spread of hours claims

for 2014 and 2016 due to these admissions. *See* Motion at 6. Morales opposes summary judgment for his minimum wage and overtime claims for the same reasons as Garcia. Opposition at 4-5. For support, Morales also only points to his declaration, *id.* at 4, which includes nearly identical statements as Garcia's declaration. *Compare* Morales Decl. ¶¶ 4-5, 8 *with* Garcia Decl. ¶¶ 4-5, 7. Morales also fails to point to any hard evidence supporting his bare assertions, such as payroll records, which Defendants also produced as to Morales. *See* Dkt. 78, Exh. A. For the same reasons as stated above, Morales also has not identified anything "in the record which creates a genuine issue of fact as to [his] rates of pay." *Zhang*, 2019 WL 1220310, at *9.

However, after careful review of Defendants' records reflecting Morales's weekly pay, the Court concludes that Morales may have been underpaid for the week of June 30, 2017, in light of the number of hours he apparently worked that week and the applicable minimum wage and overtime rates at the time. *See* Dkt. 78, Exh. A at 7. Finally, like Garcia, Morales fails to raise any argument opposing Defendants' motion for summary judgment as to his spread of hours claims. Thus, the Court grants Defendants' summary judgment motion as to Morales's minimum wage and overtime claims under the FLSA and the NYLL for 2016, 2017 (with the exception of the week of June 30, 2017), and 2018, and Morales's spread of hours claims under the NYLL for 2014 and 2016.

### 3. Mendez's Claims

Mendez's claims work slightly differently because he worked as a tipped employee at Toasties. Plaintiffs' Rule 56.1 Response ¶ 103. Thus, his minimum wage and overtime claims rest in large part on the allegation that Defendants claimed an impermissible tip credit on his wages. *See* Amended Compl. ¶¶ 24, 37. However, in Plaintiffs' pre-motion Rule 56.1 response, Mendez admitted that "Oyshi did not claim a tip credit on [his] wages in 2019 or 2020." Plaintiffs' Pre-

11

Motion Rule 56.1 Response ¶ 103. Further, he admitted that he "has failed to identify a single day during which he was not paid spread of hours pay" in the years 2014, 2019, or 2020. *Id.* ¶¶ 115, 120-21. And he admitted these same facts in Plaintiffs' Rule 56.1 response filed with their opposition. Plaintiffs' Rule 56.1 Response ¶¶ 105, 117, 122-23.

Once again, Defendants argue that these admissions show that the Court must grant summary judgment on these claims. Motion at 6. Mendez's arguments are no different than Garcia or Morales, and he too points only to his own, unsubstantiated declaration for support. Opposition at 5-6. Without citation, Mendez states that he worked through some breaks and that Defendants impermissibly deducted a meal credit. Mendez Decl. ¶¶ 6, 14. These arguments fail for the same reasons as stated above. However, Mendez further claims that his minimum wage and overtime claims are also based on the fact that "Defendants failed to reimburse [him] for the delivery vehicles [he] was required to purchase and maintain" and that he spent "approximately one hundred ($100) dollars per month on maintenance and repairs." *Id.* ¶ 7. However, once again, Mendez fails to cite any "hard evidence showing that [his] version of the events is not wholly fanciful." *Jeffreys*, 426 F.3d at 554. For example, Mendez does not offer even the slightest description of the type of maintenance or repairs he needed and does not bring forth any proof of such services, such as receipts. The Court thus grants Defendants' motion for summary judgment as to Mendez's minimum wage and overtime claims for 2019 and 2020.

Finally, like Garcia and Morales, Mendez in his opposition does not mention his spread of hours claim. Therefore, and in light of Mendez's admissions, the Court also grants Defendants' motion for summary judgment as to Mendez's spread of hours claims for 2014, 2019, and 2020.

### B. Plaintiffs' Claims for Damages Prior to 2014

The parties do not dispute that Defendants purchased Toasties from J.S.W. Venture in March 2014. Plaintiffs' Rule 56.1 Response ¶¶ 1-2. It is not entirely clear from the face of the Amended Complaint that Plaintiffs allege that Defendants are liable for damages prior to March 2014, but such a theory fails in all events. Defendants argue that a theory of successor liability could be relevant only to Plaintiffs' NYLL claims because of the FLSA's statute of limitations. Motion at 7 n.3. Plaintiffs do not argue otherwise and appear to agree that the Court should apply the traditional common law test applicable to NYLL claims. *See* Opposition at 6-8. The Court agrees this test is appropriate here.

"Under both New York law and traditional common law, a corporation that purchases the assets of another corporation is generally not liable for the seller's liabilities." *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006). "Under the common law test, a business buyer is liable for the seller's debts only when '(1) a buyer . . . formally assumes a seller's debts; (2) [the] transactions [are] undertaken to defraud creditors; (3) a buyer . . . de facto merged with a seller; [or] (4) a buyer . . . is a mere continuation of a seller.'" *Diaz v. Slayton One Cleaner Inc.*, No. 17 Civ. 1311 (LTS), 2018 WL 4935831, at *3 (S.D.N.Y. Oct. 11, 2018) (alterations in original) (quoting *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 45 (2d Cir. 2003)).

The Court is aware of no evidence suggesting that either of these first two exceptions are met, and Plaintiffs do not argue they are. Instead, Plaintiffs rely on the latter two exceptions and assert that successor liability is met here because there was either a *de facto* merger or continuity of the seller. Opposition at 7-8; *see also* Plaintiffs' Rule 56.1 Response ¶ 2. "To determine whether a transaction is a *de facto* merger or a mere continuation, courts consider whether there was '(1) continuity of ownership; (2) cessation of ordinary business and dissolution of the acquired

corporation as soon as possible; (3) assumption by the purchaser of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and (4) continuity of management, personnel, physical location, assets, and general business operation.'" *Wang v. Abumi Sushi Inc.*, 262 F. Supp. 3d 81, 87 (S.D.N.Y. 2017) (quoting *Nat'l Serv. Indus.*, 460 F.3d at 209). "[B]ecause 'continuity of ownership is the essence of a merger,' . . . the exception 'cannot apply in its absence.'" *Id.* (quoting *Priestley v. Headminder, Inc.*, 647 F.3d 497, 505-06 (2d Cir. 2011)).

Here, Plaintiffs do not allege that there was any continuity of ownership. Instead, Plaintiffs only point to three reasons to support their theory of *de facto* merger or continuity of the seller: (1) five of the Plaintiffs allegedly worked at Toasties before the sale; (2) the deli was called "Toasties" before and after the sale; and (3) the deli did not move its location. Opposition at 8. At best, this shows some "continuity of . . . personnel [and] physical location." *Nat'l Serv. Indus.*, 460 F.3d at 209. Plaintiffs cite no authority suggesting that such minor facts are enough to impose successor liability on a buyer, and the Court is aware of none. Instead, the weight of authority instructs that a plaintiff's allegation of successor liability fails absent any suggestion that there was continuity of ownership. *See, e.g.*, *Wang*, 262 F. Supp. 3d at 87 (holding that without this "indispensable factor," successor liability fails as a matter of law); *Battino v. Cornelia Fifth Ave., LLC*, 861 F. Supp. 2d 392, 401 (S.D.N.Y. 2012) ("Here, there is no dispute that ownership of the business changed hands; thus regardless of whether the other *de facto* merger factors are present, the *de facto* merger and 'mere continuation' exceptions do not apply."). The Court thus grants Defendants' motion for summary judgment as to Plaintiffs' claims for damages that allegedly accrued prior to March 2014.

## IV. Conclusion

For the foregoing reasons, the Court grants Defendants' motion for partial summary judgment except as to the following: the weeks of June 19, 2015, April 8, 2016, and June 30, 2017 for Garcia's minimum wage and overtime claims; and the week of June 30, 2017 for Morales's minimum wage and overtime claims. Within thirty days of the filing of this Opinion and Order, the parties shall submit a proposed joint pretrial order prepared in accordance with Rule 26(a)(3) of the Federal Rules of Civil Procedure and 7.B of the Court's Individual Rules and Practices in Civil Cases. The parties shall follow the Court's Individual Rules and Practices in Civil Cases for any submission that must be made at the time of the proposed joint pretrial order, including any motions *in limine*.

The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 76.

SO ORDERED.

Dated: February 17, 2021
New York, New York

JOHN P. CRONAN
United States District Judge