UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                                :

FIDEL DE JESUS *et al.*,                     :

                            :

                    Plaintiffs,        :

                            :             19 Civ. 830 (JPC)

        -v-                         :

                            :              OPINION

OYSHI TABLE CORP. *et al.*,           :      AND ORDER

                            :

                    Defendants.      :

                            :

----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Before the Court is Plaintiffs' motion for reconsideration of some portions of the Court's February 17, 2021 Opinion and Order granting in part and denying in part Defendants' motion for partial summary judgment. In the alternative, Plaintiffs seek leave to file an interlocutory appeal. For the reasons stated below, the Court denies Plaintiffs' motion for reconsideration as well as their request to file an interlocutory appeal.

## I. Background

The Court assumes familiarity with the facts, which are discussed in its prior decision. *See De Jesus v. Oyshi Table Corp.*, No. 19 Civ. 830 (JPC), 2021 WL 638270, at *1-2 (S.D.N.Y. Feb. 17, 2021). On September 1, 2020, Defendants moved for partial summary judgment on some of Plaintiffs' claims brought under the Fair Labor Standards Act and the New York Labor Law. Dkt. 76. Plaintiffs opposed this motion, Dkts. 80-89, and the Court heard oral argument on February 8, 2021.

On February 17, 2021, the Court granted Defendants' motion except as to a few select weeks worked by two Plaintiffs. *De Jesus*, 2021 WL 638270, at *7. This same day, the Court ordered the

parties to file a proposed joint pretrial order and other pretrial filings by March 19, 2021. *Id.* On March 15, 2021, Plaintiffs requested a thirty-day extension of this deadline. Dkt. 95. The Court granted this extension on March 16, 2021. Dkt. 96.

On April 2, 2021, Plaintiffs filed a letter-motion seeking leave to file a motion for reconsideration of some portions of the Court's Opinion and Order granting partial summary judgment, Dkt. 97, and a second letter-motion seeking leave to file an interlocutory appeal, Dkt. 98. On April 7, 2021, Defendants filed a letter opposing both requests. Dkt. 99. The Court held a conference on April 14, 2021 to discuss Plaintiffs' letter-motions. At conference, the Court granted Plaintiffs leave to file both motions and informed Defendants that the Court would order a response if necessary. Plaintiffs filed their motion for reconsideration, or, in the alternative, leave to file an interlocutory appeal on April 28, 2021. Dkt. 101.

## II. Discussion

### A. Motion for Reconsideration

Local Civil Rule 6.3 provides that "a notice of motion for reconsideration . . . of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Plaintiffs here did not comply with Local Civil Rule 6.3. Rather than file a motion for reconsideration within 14 days of the Court's decision, Plaintiffs filed a letter-motion 44 days later in which they sought leave to file a motion for reconsideration. Dkt. 97. Despite the fact that Plaintiffs were 30 days late, the Court granted Plaintiffs leave to file this motion. Plaintiffs eventually filed the motion 70 days after the Court's February 17, 2021 decision.

Plaintiffs ask the Court to excuse this egregious delay because Plaintiffs' attorney, C.K. Lee, was "unaware of the initial notification of the February 17, 2021 Order." Dkt. 102 ("Motion") at 3. His ignorance appears to stem from the fact that his law firm was working remotely during this

time or because he contracted COVID-19 in November or December of 2020 and was still recovering. *Id.*; *see also* Dkt. 102-1 ¶ 3.  Plaintiffs also rely on the fact that another lawyer at Mr. Lee's firm—who has not made an appearance on behalf of Plaintiffs but is apparently an associate working on the case, Motion at 3—was diagnosed with COVID-19 in December 2020.  *Id.*; *see also* Dkt. 102-2 ¶ 3.

The problem with Plaintiffs' explanation is that Plaintiffs were, at the very least, aware of the February 17, 2021 Opinion and Order by March 15, 2021.  On this date, Plaintiffs filed a letter-motion requesting an extension of the deadline to submit the required pretrial documents.  Dkt. 95.  Again, this deadline was set in the February 17, 2021 Opinion and Order, and Plaintiffs recognized as much in their extension request.  Dkt. 95 ("We write respectfully to request an extension of time to submit the pre-trial submissions, pursuant to your February 17, 2021 Order [Dkt. No. 94].").  Despite requesting an extension of the time to file the pretrial documents, Plaintiffs never asked for an extension of the deadline to file a motion for reconsideration or even informed the Court that they were considering such a motion.  Because Plaintiffs' motion for reconsideration is very untimely, the Court denies Plaintiffs' motion on this ground alone.[1]

Even if Plaintiffs' request was timely, the Court still would deny Plaintiffs' motion for reconsideration.  "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Levitant v. Workers Comp. Bd. of N.Y.*, No. 16 Civ. 6990 (ER), 2019 WL 5853438, at *1 (S.D.N.Y. Nov. 8, 2019) (internal quotation marks omitted).  "The standard for granting such a motion [for

---

[1] Plaintiffs do not make clear the rule under which they move for reconsideration.  The Court assumes, as Plaintiffs do, that Local Civil Rule 6.3 applies.  *See* Motion at 2.  But even if Rule 6.3 does not apply and Rule 59(e) of the Federal Rules of Civil Procedure is the correct vehicle, Plaintiffs' motion would still be untimely.  "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  And here, Plaintiffs did not seek leave to file their motion until 44 days after the February 17, 2021 decision.

reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiffs first argue that the Court impermissibly discredited Plaintiffs' declarations. Motion 6-8.  The Court did no such thing.  Plaintiffs' argument here amounts to an accusation that the Court misread the admissions contained in their Local Civil Rule 56.1 statements in light of their declarations.  *See* Motion at 4.  Plaintiffs already advanced this argument in their opposition to Defendants' motion for partial summary judgment and discussed it at length during oral argument.  The Court was not persuaded by Plaintiffs' argument then and remains unpersuaded now.

Plaintiffs next argue that the Court overlooked Plaintiffs' "punch in and punch out records." Motion at 7-9.  The Court readily rejects this argument because Plaintiffs failed to present the punch records in their opposition to Defendants' summary judgment motion.  On summary judgment, the non-movant "must offer some hard evidence showing that its version of the events is not wholly fanciful." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation marks omitted).  At oral argument, the Court asked Plaintiffs why they had not advanced payroll records to support their arguments.  Counsel informed the Court they had chosen not to because the evidence "encompassed 'a lot of pages.'"  *De Jesus*, 2021 WL 638270, at *4 (quoting Feb. 8, 2021 Transcript at 18).  Plaintiffs may not now ask the Court to look at evidence they could have submitted in opposition to Defendants' summary judgment motion but opted not to.  A motion for reconsideration is not means to obtain a "second bite at the apple." *Goldfarb v. Chanel One Russia*, 18 Civ. 8128 (JPC), 2021 WL 1392850, at *6 (S.D.N.Y. Apr. 13, 2021) (quoting *Geo-Group*

*Commc'ns, Inc. v. Shah*, No. 15 Civ. 1756 (KPF), 2020 WL 5743516, at *10 (S.D.N.Y. Sept. 25, 2020)).

Accordingly, even if the Court were to consider Plaintiffs' untimely motion for reconsideration, it would deny it.  "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied."  *Levitant*, 2019 WL 5853438, at *1 (internal quotation marks omitted).

**B.  Motion for Leave to File an Interlocutory Appeal**

The Court also denies Plaintiffs' alternative request to grant Plaintiffs leave to file an interlocutory appeal.  A district court may permit an interlocutory appeal of a non-final order if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

The most generous reading of Plaintiffs' complaint is that the Court should allow Plaintiffs to seek an interlocutory appeal because the Court "improperly disregarded Plaintiffs' declarations."  Motion at 12.  For support, Plaintiffs primarily point to a Ninth Circuit decision from nearly twenty years ago—*Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054 (9th Cir. 2002)—on which Plaintiffs did not rely in opposing Defendants' motion.  Motion at 12.  It is entirely unclear why Plaintiffs think *Villiarimo* helps them because in that case the Ninth Circuit recognized that, in the context of a summary judgment motion, courts have "refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony."  *Villiarimo*, 281 F.3d at 1061 (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)).

In all events, Plaintiffs do not come close to meeting the standard for an interlocutory appeal.

*See Goldfarb*, 2021 WL 1392850, at *10 ("A party seeking certification is required to show 'exceptional circumstances sufficient to overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" (quoting *In re S. Afr. Apartheid Litig.*, 624 F. Supp. 2d 336, 339 (S.D.N.Y. 2009))).  First, Plaintiffs have not identified a "pure question of law that the reviewing court could decide quickly and cleanly without having to study the record."  *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008) (internal quotation marks omitted).  Instead, Plaintiffs argument is focused on incredibly narrow factual disputes.  *See, e.g.*, Motion at 9 (arguing that one Plaintiff's "punch records list 10.25 hours worked each day" but "when calculating the actual hours based on the punch in and out of the timecards, Plaintiff actually worked 11.067, 10.967, and 11.00 hours on those days").

Second, Plaintiffs do not identify a "substantial ground for difference of opinion."  28 U.S.C. § 1292(b).  Besides *Villiarimo*, Plaintiffs cite *Flaherty v. Filardi*, No. 03 Civ. 2167 (LTS), 2007 WL 163112 (S.D.N.Y. Jan. 24, 2007), which recognized that "a court may, in considering a motion for summary judgment, simply decline to consider those aspects of a supporting affidavit that do not appear to be based on personal knowledge or are otherwise inadmissible."  *Id.* at *4 (internal quotation marks omitted).  Plaintiffs argue that this means their declarations "should be deemed admissible."  Motion at 15.  However, the Court did not make any decision on the admissibility of Plaintiffs' declarations.  Instead, throughout its Opinion and Order, the Court emphasized that summary judgment in favor of Defendants was warranted on certain claims because Plaintiffs made devastating admissions in their Rule 56.1 statements, failed to offer any hard evidence contradicting Defendants' payroll records, and did not explain why, even assuming their declaration statements were correct, it would mean that Defendants failed to pay them minimum wage or overtime for the

time periods at issue.  *See, e.g.*, *De Jesus*, 2021 WL 638270, at *4.

Finally, Plaintiffs' only rationale for why they should be allowed immediately to appeal here is that if they won on appeal "the case would proceed and there would be one trial where all of the claims would be ruled upon."  Motion at 15.  This essentially amounts to an argument that any motion granting partial summary judgment should be immediately appealable to the Second Circuit.  And that is not the law.  *See Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 219 n.6 (2d Cir. 2001) ("[A] grant of partial summary judgment is an interlocutory order that is, by itself, ordinarily not appealable.").

### III.  Conclusion

Plaintiffs' motion for reconsideration, or, in the alternative, leave to file an interlocutory appeal is denied.  The Clerk of Court is respectfully directed to terminate the motions pending at Docket Numbers 97, 98, and 101.  The Court respectfully reminds the parties that the joint proposed pretrial order and all other pretrial filings are due by May 17, 2021.  If the parties would like another referral to the Court-annexed mediation program, they should file a joint letter requesting a referral.

SO ORDERED.

Dated: May 5, 2021
New York, New York

JOHN P. CRONAN
United States District Judge

7